UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION at LAFAYETTE

| | |
|---|---|
| QUENTIN RAPHAEL OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:23CV29-PPS/JPK |
| ) | |
| AMERICAN AMICABLE INSURANCE CO., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Acting without an attorney, plaintiff Quentin Raphael Owens has filed this action naming American Amicable Insurance Co. as a defendant.[1] In addition to his pleadings, Owens has filed a Motion to Proceed In Forma Pauperis. [DE 2.] In order to determine whether Owens' financial status qualifies him to proceed without paying the customary filing fee, Owens must make full disclosure of the information requested in the form motion the court provides. Although Owens indicates in his motion that he has not received money from any source in the past 12 months, he also reports that he is "on Social Security disability." [DE 2 at 1.] When asked how much money he has, Owens has simply written "SSD Benefits." In response to questions about the value of any assets he possesses and any dependents he supports, Owens has written "D/A," the meaning of which is unclear. Disability benefits and other assets may be unlikely to make Owens ineligible for in forma pauperis status, but that conclusion cannot be presumed. The Motion to Proceed

---

[1] Owens' original complaint named Woodforest Bank and Minnesota Life Insurance Co. as additional defendants, but they have been removed from the amended complaint Owens filed less than a week later.

In Forma Pauperis will be denied without prejudice, and Owens will be required to file an amended motion in which all the requested information is provided in detail.

Next I turn to the substance of Owens' complaint. Because Owens wants to file the case without paying the customary filing fee, the complaint is subject to review and potential dismissal if on its face it lacks merit. Pursuant to 28 U.S.C. §1915(e)(2)(B), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .(B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The standard of review under §1915(e)(2)(B) borrows from Fed.R.Civ.P. 12(b)(6), which authorizes a motion challenging the sufficiency of a complaint "to state a claim upon which relief can be granted." The Supreme Court interpreted the Rule 12(b)(6) pleading standard in the cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *Pro se* filings are to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Despite the generous interpretation afforded to *pro se* filings, a threshold issue is always jurisdiction, as to which the complaint must offer an arguable basis. Federal courts are courts of limited jurisdiction, and the court's subject matter jurisdiction over a civil case generally falls into one of two categories. The first category, known as diversity jurisdiction, applies to cases between parties of different states where the

amount in controversy exceeds a prescribed minimum amount.  *See* 28 U.S.C. §1332.  Owens appears to be a citizen of Indiana but has provided no information about the citizenship of defendant American Amicable Insurance.[2]  The amended complaint does not suggest that diversity of citizenship exists, or that the amount in controversy exceeds the $75,000 minimum.

The second general category of subject matter jurisdiction is based on the existence of an issue of federal law that governs the dispute.  *See* 28 U.S.C. §1331.   Owens alleges the factual basis of his amended complaint in a single sentence:  "Well they didn't give me the type of insurance policy that I requested and needed and I told them when they called me back in October, November, January, and February that I'm not interested and I sent a text to Kay personally to don't contact me anymore and she did anyway."  The gist of Owens' grievance may be the failure of Amicable to meet his insurance needs, or the continuing contact despite Owens' direction otherwise.  But the allegations are so minimal that I am unable to determine whether the case presents a claim that is actionable under any federal law.

The current complaint will be dismissed without prejudice to Owens filing a second amended complaint in which he provides more detail to "[i]nclude every fact necessary to explain your case and describe your injuries or damages," as the form Civil Complaint directs.  [DE 3 at 2.]  Owens should explain the history of his dealings with Amicable.  This

---

[2] If the case ultimately passes this screening stage, it will be Owens' responsibility to effectuate, or provide the location information necessary to enable, service of process on the defendant.

includes the when, how and what of their communications with one another. The new complaint should be specific about what conduct of Amicable is alleged to have injured Owens and how it did so, as well as the type of relief Owens seeks, including the amount of any money damages. As with the amended Motion to Proceed In Forma Paupers, Owens will be granted 30 days in which to file a Second Amended Complaint meeting these requirements.

**ACCORDINGLY:**

Quentin Owens' Motion to Proceed In Forma Pauperis [DE 2] is DENIED WITHOUT PREJUDICE.

Within 30 days of the date of this order, Owens shall either pay the ordinary filing fee or file an amended Motion to Proceed In Forma Pauperis in conformity with this opinion.

Owens' amended complaint [DE 3] is DISMISSED WITHOUT PREJUDICE pursuant to 18 U.S.C. §1915(e)(2)(B) because it fails to state a claim on which relief can be granted.

Within 30 days of the date of this order, Owens may file a Second Amended Complaint that includes a more complete statement of his claim showing that he is entitled to the relief he seeks.

Failure to comply with this order may result in this case being closed.

**SO ORDERED**.

ENTERED: March 23, 2023.        /s/ Philip P. Simon
                                UNITED STATES DISTRICT JUDGE